1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ALEJANDRO R. CASTELLANOS,

                            Plaintiff,

vs.

JPMORGAN CHASE & CO.; CHASE
HOME FINANCE; CHASE; CHASE
MORTGAGE HOME LOANS; and
DOES 1 through 10, inclusive,

                          Defendants.

**CASE NO. 09-CV-00969-H (JMA)**

**ORDER GRANTING IN PART MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

     On March 23, 2009, Plaintiff Alejandro R. Castellanos filed a first amended complaint against Defendants JPMorgan Chase & Co. ("JPMorgan") and Chase Home Finance LLC ("CHF," and collectively "Defendants"), sued as Doe 1 Defendant and erroneously sued as Chase Home Finance, Chase, and Chase Mortgage Home Loans, in California Superior Court, in and for the County of San Diego. (Doc. No. 1, Ex. 1 pp. 50-91 ("FAC").) On May 6, 2009, Defendants removed the action on federal question grounds to this Court. (Doc. No. 1.) On May 13, 2009, Defendants filed a motion to dismiss Plaintiff's first amended complaint for failure to state a claim. (Doc. No. 3.) Plaintiff filed a response in opposition on June 8, 2009. (Doc. No. 4.) Defendants filed a reply on June 15, 2009. (Doc. No. 6.)

     The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the parties' papers. For

1   the reasons set forth below, the Court grants in part Defendants' motion to dismiss.

2   **Background**

3       Plaintiff's complaint alleges that Plaintiff incurred a consumer debt with Defendants.

4   (FAC ¶ 21.) Plaintiff retained Doan Law Firm, LLP to represent him with respect to such debt

5   in August 2007. (Id. ¶ 22.) On August 13, 2007, Doan Law Firm, LLP sent a cease and desist

6   letter to Defendants, informing some Defendants that Plaintiff had retained an attorney to

7   represent him, providing the attorney's contact information, and requesting that Defendants

8   end all communications with Plaintiff on the debt. (Id. ¶ 26, Ex. A.) Plaintiff alleges that he

9   continued to be contacted by Defendants, including collection letters and numerous phone calls

10  in October and November of 2007. (Id. ¶¶ 27-29, 41, 46.) Defendants also repeatedly

11  contacted Plaintiff's brother-in-law. (Id. ¶ 92.) Plaintiff alleges that he verbally informed

12  Defendants of his representation by counsel. (Id. ¶¶ 46, 93.)

13      Plaintiff filed suit against Defendants asserting causes of action for violations of

14  California's Rosenthal Fair Debt Collecting Practices Act, the federal Fair Credit Billing Act,

15  invasion of privacy, and a tort claim. (FAC.) Defendants move to dismiss Plaintiff's FAC for

16  failure to state a claim. Defendants also request the Court to take judicial notice of various

17  documents.

18  **Discussion**

19  **I.  Motion to Dismiss Pursuant to 12(b)(6)**

20      A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests

21  the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,

22  731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading

23  requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule

24  12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that

25  a pleading stating a claim for relief contain "a short and plain statement of the claim showing

26  that the pleader is entitled to relief." The function of this pleading requirement is to "give the

27  defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v.

28  Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).   "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n .19 (9th Cir.1990).  The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994).  Additionally, the Court may take judicial notice of matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir.2001).  Defendants request that the Court take judicial notice of a Deed of Trust, a Substitution of Trustee, a Notice of Default and Election to Seel Under Deed of Trust, and two Notice of Trustee's Sale, all recorded in the San Diego County Recorder's Office.  (Doc. No. 3, Exs. 1-5.) The Court will take judicial notice of the requested documents as matters of public record.

**A. Violation of the Fair Credit Billing Act**

Plaintiff's ninth cause of action is for a violation of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666(b)(6). Section 1666 provides the procedure creditors must follow upon written notice by an obligor that the obligor believes an account statement contains a billing error. Section 1666(b)(6) provides that a billing error includes a "failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which

1  has been disclosed to the creditor, unless that address was furnished less than twenty days

2  before the end of the billing cycle for which the statement is required."

3      The Court concludes that Plaintiff fails to state a claim under the FCBA. Plaintiff

4  alleges that Defendants never updated their system to reflect the new billing address after

5  notice of the new address was set forth in the written cease and desist letter on August 13,

6  2007, and that the cease and desist letter constitutes the written notice of this billing error.

7  (FAC ¶¶ 134-36, Ex. A.)  However, the cease and desist letter notified Defendants of a new

8  address to be used on future statements, does not indicate any billing error contained on past

9  statements, and was sent to Defendants before the alleged billing errors occurred, as Plaintiff

10  alleges that Defendants violated § 1666(b)(6) by sending statements to the old address after

11  September 2007.  (Id. ¶¶ 137-39, Ex. A.)  Section 1666 applies when an incorrect statement

12  is issued by the creditor and within 60 days the obligor sends written notice setting forth the

13  alleged error to the creditor, triggering the creditor's duties under § 1666.  The billing

14  statements attached to the FAC are dated October 11, 2007 and November 10, 2007 and are

15  addressed to Plaintiff's home address.  (FAC Ex. B.)  Plaintiff does not allege that he sent

16  Defendants written notice of the alleged billing errors contained in the October and November

17  statements within 60 days after having received the incorrect billing statements as required by

18  § 1666(a).  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's ninth cause

19  of action with leave to amend.

20      Defendants contend that Plaintiff's claim under the FCBA fails because there is no

21  private right of action for a violation of §1666.  The Court disagrees.  Section 1640(a) of the

22  Act provides that an individual action for damages may be maintained against any creditor who

23  fails to comply with any requirement imposed under part D of the subchapter.  15 U.S.C. §

24  1640(a).  Part D contains § 1666 regulating the correction of billing errors by creditors.

25  Accordingly, there is a private right of action provided for violations of the failure to correct

26  billing errors under the FCBA.

27      Defendants also contend that Plaintiff's claim under the FCBA fails because a notice

28  to Defendants to send all future billing statements to Plaintiff's attorney's office does not

1   notify Defendants of any change in Plaintiff's address to which the billing statement must be
2   redirected.  However, the Official Staff Interpretations of Regulation Z, the implementing
3   regulation for the Act, provide that, "[a]n attorney and his or her client are considered to be the
4   same person for purposes of this regulation when the attorney is acting within the scope of the
5   attorney-client relationship with regard to a particular transaction."   Truth in Lending
6   (Regulation Z), 12 C.F.R. pt. 226, Supp. I, Subpart A, 2(a)(22)(2).  Therefore, notice by the
7   attorney of a new address is notice by the obligor of a new address.

8   **B.  The Rosenthal Fair Debt Collection Practices Act**

9         Plaintiff alleges in his first through eighth causes of action that he is entitled to statutory
10  damages under the California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal
11  Act"), California Civil Code §§1788, et seq., including under incorporated provisions from the
12  Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, et seq.

13        The FDCPA and the Rosenthal Act apply only to debt collectors. 15 U.S.C. § 1692a(4,
14  6); Cal. Civ. Code § 1788.2(c).  The FDCPA does not apply to creditors. 15 U.S.C. § 1692a(4,
15  6) ("[T]he term [debt collector] does not include (A) any officer or employee of a creditor
16  while, in the name of the creditor, collecting debts for such creditor.").  The definition of "debt
17  collector" found in the state statute is broader than that contained in the FDCPA, however. The
18  Rosenthal Act defines a "debt collector" as "any person who, in the ordinary course of
19  business, regularly, on behalf of himself or herself or others, engages in debt collection." See
20  Cal. Civ. Code § 1788.2(c).  The FDCPA provides that it does not preempt state law unless the
21  federal law and state law are inconsistent. 15 U.S.C. § 1692n. The FDCPA further provides
22  that, "[a] State law is not inconsistent with this subchapter if the protection such law affords
23  any consumer is greater than the protection provided by this subchapter." Id.  Therefore, the
24  Rosenthal Act's enlargement of the pool of entities who can be sued is not inconsistent with
25  the FDCPA because it merely provides greater protection to consumers than that afforded by
26  the FDCPA.  Accordingly, creditors can be found to be debt collectors for purposes of the
27  Rosenthal Act.

28        Plaintiff has alleged that Defendants are debt collectors under the Rosenthal Act.

Plaintiff alleges that he is a debtor from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiff.  (FAC ¶ 7.)  Plaintiff alleges that Defendants, in the ordinary course of business, regularly engage in debt collection and that Defendants are debt collectors as that term is defined by § 1788.2(c). (Id. ¶ 15.)  Plaintiff further alleges that this case "involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction," as this action "arises out of a 'consumer debt' and 'consumer credit' as those terms are defined by" § 1788.2(f). (Id. ¶ 20.) Plaintiff has attached financial statements from CHF from October 11 and November 10, 2007, indicating payments past due and late charges on a mortgage loan.  (Id. Ex. B.) Plaintiff has also attached a letter from JPMorgan Chase Bank, N.A. indicating that Plaintiff's loan account is past due, that it could impact Plaintiff's ability to obtain credit in the future with Chase, and stating that "this is an attempt to collect a debt."  (Id. Ex. B.)  Plaintiff's FAC also includes a letter from CHF stating that Plaintiff's account is "seriously delinquent," that a "minimum of three monthly payments totaling $2,454.12 may allow us to suspend foreclosure proceedings," and that "Chase Home Finance LLC is attempting to collect a debt."  (Id. Ex. B.)

Defendants' argument that Plaintiff's Rosenthal Act causes of action fail because foreclosing on a property is not a "debt collection" under the acts is better suited to a motion for summary judgment.  Plaintiff's FAC alleges that Defendants attempted to collect money, not attempted to foreclose on a security interest, allegedly owed by Plaintiff on some type of mortgage loan with CHF.  (See Doc. No. 1, Ex. B to FAC.)  Defendants request the Court to consider documents outside of the FAC to support their position that the communications were lawful attempts to foreclose on a security interest.  Such arguments, beyond the pleadings, are more suited for a motion for summary judgment.  Based on the FAC, Plaintiff has sufficiently alleged that Defendants acted as debt collectors within the meaning of the Rosenthal Act.

**1.  § 1788.17 under 15 U.S.C. § 1692b(6)**

The Rosenthal Act provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in

Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17.  Plaintiff's first cause of action alleges a violation of the Rosenthal Act under the incorporated provision of §1692b(6), which provides that, "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector."  15 U.S.C. § 1692b(6).

Plaintiff alleges that on August 13, 2007, he retained Doan Law Firm, LLP to dispute the validity of the debt with Defendants, to end communications on the debt under the Rosenthal Act, to eliminate all personal liability on the debt via Title 11 of the United States Code, and to ensure that creditors accurately and completely report account information to each credit reporting bureau. (FAC ¶¶ 22-23.)  Plaintiff alleges that Doan Law Firm, LLP sent Defendants a written "cease and desist orders" on August 13, 2007, directing Defendants to cease communications with Plaintiff.  (Id. ¶ 26.)  Plaintiff attached a copy of the letter sent to Defendants as Exhibit A to the FAC.  The letter states that Plaintiff has retained Doan Law Firm, LLP to represent him with respect to the debt with Defendants, that all future communications and correspondence must go through the law firm's office, and provides an email address, fax number, mail address and phone number for such communications.  (Id. Ex. A.)  Doan Law Firm, LLP sent the letter to Chase, P.O. Box 15298, Wilmington, DE 19850 and to Chase Mortgage Home Loan, P.O. Box 78420, Phoenix, AZ 85062.  (Id. Ex. A.)  Plaintiff alleges that he also verbally notified and advised Defendants that Plaintiff was represented by Doan Law Firm, LLP on at least nine separate occasions, including on August 31, September 27, October 1, 10, and 26, November 5 and 20, 2007 and March 28, 2008.  (Id. ¶ 26.)

Plaintiff alleges that despite Defendants' knowledge of attorney representation, Defendants continued to communicate with Plaintiff, including sending letters, billing statements and making phone calls to Plaintiff from the month of October 2007 through the end of November 2007.  (Id. ¶¶ 41-43.)  Plaintiff alleges that Defendants were notified ten

times of attorney representations and made at least fifteen contacts with Plaintiff after notice of representation.  (Id. ¶¶ 46, 64.)  Plaintiff includes in his FAC specific dates of the alleged notices and dates of the alleged improper communications.  (Id. ¶¶ 26, 46.)  Additionally, Plaintiff attaches various letters and financial statements from Defendants sent to Plaintiff after the August 13, 2007 notice of representation letter.  Based on Plaintiff's allegations and attachments to the FAC, the Court concludes that Plaintiff sufficiently alleges a violation of the Rosenthal Act under the incorporated provision of 15 U.S.C. § 1692b(6), as Plaintiff alleges that Defendants knew he was represented by an attorney and continued to contact him after knowledge of the representation.

Defendants argue that they never received notice of attorney representation because Plaintiff's cease and desist letter was addressed to "Chase Mortgage Home Loan." Defendants' argument is better suited for a motion for summary judgment.  According to Plaintiff, the cease and desist letter was addressed to the same address for CHF listed on the mortgage loan statements sent to Plaintiff. (FAC Ex. B.)  Furthermore, Plaintiff alleges that he orally notified Defendants of Doan Law Firm, LLP's representation on at least nine occasions.  Plaintiff's allegations support the claim at the pleading stage that Defendants had knowledge of representation.  Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's first cause of action.

Defendants also argue that statements of account are permitted to be sent to the consumer even after notification of attorney representation under Cal. Civ. Code § 1788.14.  However, Plaintiff alleges other communications apart from statements of account, including the collection letters sent to Plaintiff seeking to discuss Plaintiff's situation and the numerous telephone calls following notification of attorney representation.

**2.  § 1788.17 under 15 U.S.C. § 1692b(3)**

Plaintiff's second cause of action is for a violation of the Rosenthal Act under the incorporated provision of 15 U.S.C. §1692b(3).  Plaintiff's seventh cause of action is for a violation of the same incorporated provision.  As such, the Court dismisses Plaintiff's second cause of action as duplicative and addresses Plaintiff's claim for relief under this provision in

relation to Plaintiff's seventh cause of action.  The Court notes that Plaintiff's second cause of action is unclear, as Plaintiff asserts a violation of § 1692b(3) based upon Defendants contacting his brother-in-law, but also alleges under this cause of action that Defendants violated § 1692c(a)(1), which concerns a debt collector communicating with the consumer at any unusual or inconvenient time or place.   The Court dismisses Plaintiff's second cause of action with leave to amend, as it is duplicative of Plaintiff's seventh cause of action and unclear upon what basis Plaintiff asserts Defendants violated §1692c(a)(1) or if these allegations are simply typographical errors.  (See FAC ¶¶ 74-76.)

### 3. § 1788.17 under 15 U.S.C. § 1692c(c)

Plaintiff's third cause of action is for a violation of the Rosenthal Act under the incorporated provision of 15 U.S.C. § 1692c(c), which provides that, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt."  Section 1692c(c) provides exceptions allowing a debt collector to further communicate with the consumer, including "(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

Plaintiff alleges that Defendants violated § 1692c(c) by contacting Plaintiff over fifteen times within the span of a month after being directly notified of the refusal to pay the debt on August 13, 2007 by the cease and desist letter.  (FAC ¶¶ 82-83; 26; Ex. B.)  Plaintiff alleges that he received the billing statements and letters from Defendants after the cease and desist letter.  (Id. Ex. B.)  Plaintiff sufficiently alleges that he notified Defendants of his refusal to pay the debt and request to cease communication, and that Defendants continued to communicate with him with respect to such debt.  On their face, the attached documents do not appear to fall within one of the exceptions under § 1692c(c).  Accordingly, the Court denies

1   Defendants' motion to dismiss Plaintiff's third cause of action.

2       Defendants argue that statements of account are permitted to be sent to the consumer

3   even after notification of attorney representation under Cal. Civ. Code § 1788.14.  Defendants

4   defense is better suited for a motion for summary judgment where the defense may present

5   additional information to explain the communication.  At the pleading stage, Plaintiff has

6   sufficiently alleged a claim.

7       **4.  § 1788.17 under 15 U.S.C. § 1692c(b)**

8       Plaintiff's fourth cause of action is for a violation of the Rosenthal Act under the

9   incorporated provision of 15 U.S.C. § 1692c(b), which provides that:

10          [e]xcept as provided in section 1692b of this title, without the prior consent of

11          the consumer given directly to the debt collector, or the express permission of

12          a court of competent jurisdiction, or as reasonably necessary to effectuate a

13          postjudgment judicial remedy, a debt collector may not communicate, in

14          connection with the collection of any debt, with any person other than the

15          consumer, his attorney, a consumer reporting agency if otherwise permitted by

16          law, the creditor, the attorney of the creditor, or the attorney of the debt

17          collector.

18  Section 1692b concerns the manner in which a debt collector may communicate with any

19  person other than the consumer for the purpose of acquiring location information about the

20  consumer.  15 U.S.C. § 1692b.

21      Plaintiff alleges that Defendants violated § 1692c(b) by contacting Plaintiff's brother-

22  in-law.  (FAC ¶ 92.)  Plaintiff alleges that each time his brother-in-law received a phone call

23  from Defendants he would call Plaintiff and advise him of the telephone call from Defendants.

24  (Id. ¶ 93.) Plaintiff alleges that his brother-in-law informed Defendants each time that Plaintiff

25  was represented by an attorney and for Defendants to contact the Doan Law Firm, LLP, but

26  that Defendants repeatedly contacted Plaintiff's brother-in-law.  (Id. ¶ 94.)

27      The Court concludes that Plaintiff sufficiently alleges a cause of action under the

28  Rosenthal Act for a violation of 15 U.S.C. §1692c(b).  Plaintiff alleges that Defendants

contacted his brother-in-law concerning the debt and that even after his brother-in-law informed Defendants of attorney representation, Defendants continued to contact Plaintiff's brother-in-law. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's fourth cause of action.

### 5. § 1788.17 under 15 U.S.C. § 1692c(a)(3)

Plaintiff's fifth cause of action is for a violation of the Rosenthal Act under the incorporated provision of 15 U.S.C. § 1692c(a)(3), which provides that, "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

Plaintiff alleges that each time Defendants called Plaintiff at work, Plaintiff advised Defendants that he was working and to stop calling. (FAC ¶103.) Plaintiff also alleges that he advised Defendants each time to contact his attorney, but that Defendants refused and continued to call Plaintiff. (Id.) Plaintiff has alleged 11 phone calls made by Defendants after receiving notice of attorney representation. (Id. ¶46.)

The Court concludes that Plaintiff fails to sufficiently plead a violation of the Rosenthal Act under the incorporated provision of § 1692c(a)(3). Plaintiff alleges that Defendants called him at his place of employment after notifying Defendants to stop calling him at work and to contact his attorney representing him with respect to the debt. Plaintiff's allegations represent his own desires not to receive such communications while working, but do not indicate his employer's stance on employees receiving such communications or how Defendants were aware or had reason to be aware of any prohibition by the employer. Plaintiff's allegations also fail to allege which calls were received while he was working. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's fifth cause of action with leave to amend.

### 6. § 1788.12(b)

Plaintiff's sixth cause of action is for a violation of § 1788.12(b) of the Rosenthal Act,

1   which provides that:

2        [n]o debt collector shall collect or attempt to collect a consumer debt by means

3        of the following practices: . . . (b) Communicating information regarding a

4        consumer debt to any member of the debtor's family, other than the debtor's

5        spouse or the parents or guardians of the debtor who is either a minor or who

6        resides in the same household with such parent or guardian, prior to obtaining

7        a judgment against the debtor, except where the purpose of the communication

8        is to locate the debtor, or where the debtor or his attorney has consented in

9        writing to such communication.

10  Cal. Civ. Code § 1788.12(b).

11       Plaintiff alleges that Defendants called Plaintiff's brother-in-law at least four times and

12  that his brother-in-law does not live with Plaintiff or live at his residence.  (FAC ¶¶ 112-13.)

13  Plaintiff alleges that each time his brother-in-law received a call from Defendants, he would

14  call Plaintiff and advise him of all telephone calls from Defendants.  (Id. ¶ 114.)  Plaintiff

15  alleges that his brother-in-law informed Defendants each time that Plaintiff was represented

16  by an attorney and for Defendants to contact the Doan Law Firm, LLP, but that Defendants

17  repeatedly contacted Plaintiff's brother-in-law.  (Id. ¶ 94.)

18       The Court concludes that Plaintiff has sufficiently alleged a violation of § 1788.12(b).

19  Plaintiff alleges that his brother-in-law, a member of his family, was repeatedly contacted by

20  Defendants and that his brother-in-law informed Defendants each time to contact Plaintiff's

21  attorney at the Doan Law Firm, LLP.  While the first of these phone calls to the brother-in-law

22  may have been for location purposes, after Plaintiff's brother-in-law informed Defendants of

23  the attorney representation and directed them to the Doan Law Firm, LLP, alleged calls from

24  Defendants to Plaintiff's brother-in-law were without consent from Plaintiff or his attorney and

25  were not made to locate the Plaintiff, as Defendant already possessed the attorney contact

26  information through Plaintiff's letter, Plaintiff's verbal notifications, and Plaintiff's brother-in-

27  law's notifications.  Accordingly, the Court denies Defendants' motion to dismiss Plaintiff'

28  sixth cause of action.

### 7.  § 1788.17 under 15 U.S.C. § 1692b(3)

Plaintiff's seventh cause of action is for a violation of the Rosenthal Act under the incorporated provision of 15 U.S.C. § 1692b(3), which provides that a debt collector communicating with any person other than the consumer shall, "not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

Plaintiff alleges that Defendants called and harassed Plaintiff's brother-in-law at least four times and that his brother-in-law does not live with Plaintiff or live at his residence.  (FAC ¶¶ 112-13, 120.)  Plaintiff alleges that each time his brother-in-law received a call from Defendants, he would call Plaintiff and advise him of all telephone calls from Defendants.  (Id. ¶ 121.)  Plaintiff alleges that his brother-in-law informed Defendants each time that Plaintiff was represented by an attorney and for Defendants to contact the Doan Law Firm, LLP, but that Defendants repeatedly contacted Plaintiff's brother-in-law.  (Id. ¶ 94.)

The Court concludes that Plaintiff has sufficiently plead a cause of action under the incorporated provision of 15 U.S.C. § 1692b(3).  Plaintiff alleges that Defendants contacted his brother-in-law more than once and that his brother-in-law informed Defendants of his attorney representation and provided Defendants with the name of the law firm representing Plaintiff.  As Defendants had already received the name, address, and contact information of the Doan Law Firm, LLP, Defendants could not reasonably believe that Plaintiff's brother-in-law's representations concerning the attorney representation was erroneous or incomplete, as it was consistent with the notification provided to Defendants on August 13, 2007. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's seventh cause of action.

### 8.  § 1788.14(c)

Plaintiff's eighth cause of action is for a violation of § 1788.14(c) of the Rosenthal Act, which provides that no debt collector shall collect or attempt to collect a consumer debt by:

Initiating communications, other than statements of account, with the debtor

09cv969

with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.

Cal. Civ. Code § 1788.14(c).

Plaintiff alleges that Doan Law Firm, LLP sent Defendants a written "cease and desist orders" on August 13, 2007, directing Defendants to cease communications with Plaintiff. (FAC ¶ 26.) Plaintiff attached a copy of the letter sent to Defendants as Exhibit A to the FAC. The letter states that Plaintiff has retained Doan Law Firm, LLP to represent him with respect to the debt with Defendants, that all future communications and correspondence must go through the law firm's office, and provides an email address, fax number, mail address and phone number for such communications.  (Id. Ex. A.)  Doan Law Firm, LLP sent the letter to Chase, P.O. Box 15298, Wilmington, DE 19850 and to Chase Mortgage Home Loan, P.O. Box 78420, Phoenix, AZ 85062.  (Id. Ex. A.)  Plaintiff alleges that he also verbally notified and advised Defendants that Plaintiff was represented by Doan Law Firm, LLP on at least nine separate occasions, including on August 31, September 27, October 1, 10, and 26, November 5 and 20, 2007 and March 28, 2008.  (Id. ¶ 26.)  Plaintiff alleges that despite these notifications, Defendants repeatedly contacted and harassed Plaintiff by communicating with Plaintiff over 13 times, including calling Plaintiff early morning and late and night. (Id. ¶ 129.) Plaintiff has attached copies of communications sent to him by Defendants, including two mortgage loan statements and two letters seeking payment from Plaintiff and requesting that Plaintiff contact Defendants to discuss solutions regarding his delinquent account. (Id. Ex. B.)

The Court concludes that Plaintiff sufficiently alleges a cause of action under § 1788.14(c).  Plaintiff alleges and provides factual support that he notified Defendants of his

attorney representation with respect to the debt and that Defendants continued to contact him after such notification, including the demand letters attached to the FAC and repeated phone calls to Plaintiff.  Therefore, Plaintiff has alleged that Defendants initiated communications, other than statements of account, with Plaintiff when the Defendants had been previously notified in writing by Doan Law Firm, LLP that Plaintiff was represented with respect to the debt.  Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's eighth cause of action.

**C.  Invasion of Privacy**

Plaintiff's tenth cause of action is for invasion of privacy.  "[T]he action for intrusion has two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person."  Taus v. Loftus, 40 Cal.4th 683, 725 (2007) (citation omitted).  The intrusion must be intentional.  Id.  "To prove actionable intrusion, the plaintiff must show the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff. The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source."  Shulman v. Group W Prods., Inc., 18 Cal.4th 200, 232 (1998).

The Court concludes that Plaintiff fails to plead a claim for invasion of privacy. Plaintiff fails to allege the content of any of the calls placed to Plaintiff or Plaintiff's brother-in-law and what was highly offensive about such calls.  Allegations of a lender calling a debtor concerning a home equity loan extended to the debtor, especially given the current economic climate, without more is not enough to state a claim for invasion of privacy above a speculative level.  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's tenth cause of action for invasion of privacy with leave to amend.

**E.  Tort In Se**

Plaintiff's eleventh cause of action is for tort in se.  "A tort in essence is the breach of a nonconsensual duty owed another. Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself. Any injured member of the public for

- 15 -

09cv969

1   whose benefit the statute was enacted may bring the action." <u>South Bay Building Enter., Inc.</u>

2   <u>v. Riviera Lend-Lease, Inc.</u>, 72 Cal.App.4th 1111, 1123 (1999) (citations omitted).

3        Plaintiff alleges that Defendants violated a statutory duty to Plaintiff and thus are liable

4   under the doctrine of tort-in-se.  (FAC ¶ 147.)  Plaintiff alleges that Defendants liability stems

5   from Defendants' unlawful conduct in violation of the Rosenthal Act and the FCBA.  (<u>Id.</u> ¶

6   149.)  Plaintiff alleges that he has suffered damages, including mental and emotional distress,

7   out of pocket monetary damages for attorney fees and costs for protection from Defendants,

8   and incidental actual damages.  (<u>Id.</u> ¶¶ 56-60.)  Defendants argue that because Plaintiff fails

9   to state a claim under the Rosenthal Act and the FCBA, Plaintiff's cause of action for tort-in-se

10  also fails.

11       The Court concludes that Plaintiff fails to sufficiently allege a cause of action for tort-

12  in-se.  Plaintiff has failed to allege a cause of action under the FCBA and both the FCBA and

13  the Rosenthal Act provide for a private civil remedy.  The California case upon which Plaintiff

14  relies is distinguishable from the facts of this case. <u>South Bay</u> stands for the "proposition that

15  a plaintiff may rely on standards established in a criminal statute to establish a traditional tort

16  action." <u>Animal Legal Defense Fund v. Mendes</u>, 160 Cal.App.4th 136, 145 (2008) (citing

17  <u>South Bay</u>, 72 Cal.App.4th at 1123-24).  The Rosenthal Act already provides a specific private

18  civil remedy and there is nothing to indicate that California intended to allow separate

19  negligence tort claims based upon the duties created by the Rosenthal Act.  The Court declines

20  to recognize such a claim based on the pleading in this case in absence of California state

21  authority.  Plaintiff received a home equity loan secured by a second deed trust deed on the

22  home, then defaulted on the loan.  There is nothing in the California state case law to indicate

23  that California intended to create general tort liability in the state under these facts, and the

24  Ninth Circuit has not yet ruled on this issue.  Accordingly, the Court grants Defendants'

25  motion to dismiss Plaintiff's eleventh cause of action for tort-in-se.

26  **F.  Claims against JPMorgan**

27       Plaintiff names JPMorgan Chase & Co. as a defendant in the FAC as the parent

28  company of CHF.  (FAC ¶¶ 9, 11, 13.)  Defendants move to dismiss JPMorgan from the FAC

because Plaintiff alleges unlawful communications by CHF, a separate legal entity. The parent corporation will be liable for the acts of the subsidiary only if: (1) there is such a unity of interest and ownership between the parent and the subsidiary that their separate personalities no longer exists, and (2) an inequitable result would otherwise occur. <u>Laird v. Capital Cities/ABC, Inc.</u>, 68 Cal.App.4th 727, 741-42 (1998). In other words, there must be some "'specific manipulative conduct' by the parent toward the subsidiary which 'relegate[s] the latter to the status of merely an instrumentality, agency, conduit or adjunct of the former . . .'" <u>Id.</u> at 742.

The Court grants Defendants' motion to dismiss Plaintiff's claims against JPMorgan. Plaintiff does not allege how JPMorgan was responsible for any of the unlawful communications by CHF, does not allege that there is a unity of interest and ownership between the parent and subsidiary, and does not allege that inequities would result if JPMorgan is not held liable for the acts of its subsidiary, CHF. Plaintiff does not assert any arguments in response to Defendants' motion to dismiss JPMorgan from the FAC. (<u>See</u> Doc. No. 4.)

### Conclusion

For the reasons set forth above, the Court GRANTS IN PART Defendants' motion to dismiss, dismisses with leave to amend Plaintiff's second, fifth, ninth, tenth and eleventh causes of action in the FAC, and dismisses Plaintiff's claims against Defendant JPMorgan Chase & Co. The Court DENIES Defendants' motion to dismiss Plaintiff's first, third, fourth, and fifth through eighth causes of action against Defendant CHF. Plaintiff may file a second amended complaint within 30 days of the date of this order.

**IT IS SO ORDERED.**

DATED: June 23, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

- 17 -

09cv969